**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**ALEXANDRIA DIVISION**

| | |
|---|---|
| **JASON HENRY GORDON #A240-355-627** | **CASE NO. 1:26-CV-04385 SEC P** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **SHAD M RICE ET AL** | **MAGISTRATE JUDGE DAVID J. AYO** |

**MEMORANDUM ORDER**

Before the court is a Motion for Temporary Restraining Order and Preliminary Injunction [doc. 3] filed by immigration detainee Jason Henry Gordon, in connection with his pending petition for writ of habeas corpus. *See* doc. 1. Petitioner alleges that he was taken into immigration custody on March 20, 2026, subject to a final order of removal. *Id.* at 4. He seeks relief on the grounds that his continued detention violates his right to due process and exceeds the six-month threshold set by the Supreme Court in *Zadvydas v. Davis*, 533 U.S. 678 (2001).

An applicant for a temporary restraining order ("TRO") or preliminary injunction must demonstrate each of the following: (1) a substantial likelihood that his cause will succeed on the merits, (2) a substantial threat of irreparable injury if the injunction is not granted, (3) that the threatened injury outweighs the threatened harm that the injunction might do to the opposing party, and (4) that granting the injunction will not disserve the public interest. *Misquitta v. Warden Pine Prairie ICE Processing Ctr.*, 353 F.Supp.3d 518, 521 (W.D. La. 2018) (citing *Piedmont Heights Civic Club, Inc. v. Moreland*, 637 F.2d 430 (5th Cir. 1981)). The decision of whether to grant or deny a TRO lies in the district court's discretion. *Moore v. Brown*, 868 F.3d 398, 402 (5th Cir. 2017). Courts should deny such motions more often than not. *Albright v. City of New Orleans*, 46 F.Supp.2d 523, 532 (E.D. La. 1999) (explaining that temporary restraining orders are

"extraordinary relief and rarely issued."); *Anderson v. Jackson*, 556 F.3d 351, 355–56 (5th Cir. 2009) ("Only under 'extraordinary circumstances' will this court reverse the denial of a preliminary injunction.").

Petitioner may succeed in establishing a right to release under *Zadvydas*. But his motions demonstrates no threat of imminent harm beyond the ordinary hardships of detention. Instead, he merely seeks to accelerate his request for the ultimate relief requested under his habeas petition. Courts should not allow petitioners to skip the line on habeas review by dressing their petitions as TRO's. *See Rodriguez v. Lyons*, 2025 WL 3553742, at *1 (W.D. La. Dec. 8, 2025) (denying a "motion to decide my habeas petition now."); *Lindell v. United States*, 82 F.4th 614, 618 (8th Cir. 2023) ("[T]he purpose of injunctive relief is to preserve the status quo; it is not to give the movant the ultimate relief he seeks."). Accordingly, **IT IS ORDERED** that the Motions [doc. 3] be **DENIED**. The petition is referred to the magistrate judge for report and recommendation.

**THUS DONE AND SIGNED** in Chambers on the 21st day of October, 2026.

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**